UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

LOGAN ELEAZER
825 South 103rd Street
West Allis, Wisconsin 53214

    Plaintiff,

v.

STONEWALL SECURITY AND INVESTIGATIONS
3000 United Founders Boulevard, Suite 208
Oklahoma City, Oklahoma 73112

    and

MATTHEW DANIEL
3000 United Founders Boulevard, Suite 208
Oklahoma City, Oklahoma 73112

    Defendants

Case No.: 26-cv-171

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Logan Eleazer, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Logan Eleazer, is an adult male resident of the State of Wisconsin with a post office address of 825 South 103rd Street, West Allis, Wisconsin 53214.

5. Defendant, Stonewall Security and Investigations, was, at all material times herein, an entity doing business in the State of Wisconsin with a principal office address of 3000 United Founders Boulevard, Suite 208, Oklahoma City, Oklahoma 73112.

6. During the relevant time periods as stated herein, Defendant Stonewall Security and Investigations was a security company.

7. During the relevant time periods as stated herein, Defendant Stonewall Security and Investigations was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant Stonewall Security and Investigations employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant Stonewall Security and Investigations' annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant Stonewall Security and Investigations was an "employer" of an "employee," Plaintiff, as these terms are defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant Stonewall Security and Investigations as these terms are defined under the FLSA and the WWPCL.

12. Defendant, Matthew Daniel, was, at all material times herein, an adult male resident of the State of Oklahoma with a business office address of 3000 United Founders Boulevard, Suite 208, Oklahoma City, Oklahoma 73112.

13. During the relevant time periods as stated herein, Defendant Daniel owned, operated, and managed Defendant Stonewall Security and Investigations.

14. During the relevant time periods as stated herein, Defendant Daniel was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During the relevant time periods as stated herein, Plaintiff performed compensable work in the position of Operations on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit in the State of Wisconsin.

16. During Plaintiff's employment with Defendants, Defendants supervised Plaintiff's day-to-day activities.

17. During Plaintiff's employment with Defendants, Defendants managed and directed Plaintiff's job duties and responsibilities.

18. During Plaintiff's employment with Defendants, Defendants established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

19. During Plaintiff's employment with Defendants, Defendants had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff.

20. During Plaintiff's employment with Defendants, Defendants reviewed Plaintiff's work performance.

21. During Plaintiff's employment with Defendants, Defendants established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit.

22. During Plaintiff's employment with Defendants, Defendants controlled the terms and conditions of Plaintiff's employment.

23. During Plaintiff's employment with Defendants, Defendants established the manner and means of Plaintiff's compensation: an hourly rate of pay for compensable work performed each workday and each workweek.

## FLSA & WWPCL ALLEGATIONS

24. In approximately July 2025, Defendants hired Plaintiff into the position of Operations performing compensable work on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge in the State of Wisconsin.

25. During Plaintiff's employment with Defendants, Defendants agreed to compensate Plaintiff in the amount of $1,000.00 per workweek for any hours worked or work performed in his Operations position on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge.

26. In approximately early-to-mid January 2026, Plaintiff complained Defendants regarding Defendants' failure to compensate him with minimum wages and for earned and agreed-upon wages for compensable hours worked and work performed in his Operations position on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge.

27. As of early-to-mid January 2026, Defendants understood and were aware that Plaintiff had made complaints regarding compensation and minimum wages.

28. As of early-to-mid January 2026, Defendants understood and were aware that Plaintiff had asserted his rights provided and protected by state and federal law regarding compensation and minimum wages.

29. On or about January 16, 2026, Defendants terminated Plaintiff's employment.

30. During Plaintiff's employment with Defendants, and during the workweeks that covered the time period from approximately December 15, 2025, to January 18, 2026, Plaintiff performed compensable work in his Operations position each workday and each workweek on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge.

31. During Plaintiff's employment with Defendants, and during the workweeks that covered the time period from approximately December 15, 2025, to January 18, 2026, Defendants were aware that Plaintiff performed compensable work in his Operations position each workday and each workweek on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge.

32. During Plaintiff's employment with Defendants, and to date, Defendants have not compensated Plaintiff for any hours worked and/or work performed in his Operations position and during the workweeks that covered the time period from approximately December 15, 2025, to January 18, 2026, totaling approximately $5,000.00

33. During Plaintiff's employment with Defendants, and to date, Defendants have not compensated Plaintiff with all earned and agreed-upon wages for hours worked and work performed in his Operations position on Defendants' behalf, for Defendants' benefit, at

Defendants' direction, and/or with Defendants' knowledge during the workweeks that covered the time period from approximately December 15, 2025, to January 18, 2026, totaling approximately $5,000.00.

34. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff with an effective hourly rate of at least $7.25 for any and all hours worked and work performed in his Operations position during the workweeks that covered the time period from approximately December 15, 2025, to January 18, 2026, in violation of the FLSA and WWPCL.

35. During Plaintiff's employment with Defendants, and during the workweeks that covered the time period from approximately December 15, 2025, to January 18, 2026, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating his with any earned and agreed-upon wages for hours worked and work performed on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge, in violation of the FLSA and WWPCL.

36. Defendants knew or should have known that Plaintiff must be compensated for any and all hours worked (and for all hours Defendants suffered or permitted him to work) in a workweek, including but not limited to with minimum and agreed-upon wages, in accordance with the FLSA and WWPCL.

37. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

38. Defendants owe Plaintiff earned and unpaid minimum and regular wages for work performed during Plaintiff's employment with Defendants, in a total monetary amount of $5,000.00, in addition to liquidated damages and attorneys' fees and costs.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS (MINIMUM WAGES)

39. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

40. Section 206(a)(1) of the FLSA regulates, among other things, the payment of a minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

41. At all times material herein, Defendants were employers of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 *et seq.*

42. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

43. During Plaintiff's employment with Defendants, Defendants intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for any and all hours worked and work performed in his Operations position and during the workweeks that covered the time period from approximately December 15, 2025, to January 18, 2026.

44. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted

reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

45. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages have been unlawfully withheld from Plaintiff by Defendants.

46. Plaintiff is entitled to damages equal to the minimum wages due and owing within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting claims against Defendants.

47. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (MINIMUM WAGES)**

48. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

49. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

50. At all times material herein, Defendants were an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

51. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

52. During Plaintiff's employment with Defendants, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities in his Operations position and during the workweeks that covered the time period from approximately December 15, 2025, to January 18, 2026, without receiving compensation for these activities at the hourly rate of $7.25.

53. During Plaintiff's employment with Defendants, Defendants willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked in his Operations position and during the workweeks that covered the time period from approximately December 15, 2025, to January 18, 2026.

54. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

55. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
### (REGULAR WAGES/FAILURE TO PAY AN AGREED-UPON WAGE)

56. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

57. At all relevant times, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

58. At all relevant times, Defendants were employers of Plaintiff within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

59. At all relevant times, Defendants employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

60. During Plaintiff's employment with Defendants, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

61. During Plaintiff's employment with Defendants, Plaintiff was entitled to agreed-upon compensation and payments from Defendants, as defined in Wis. Stat. § 109.01(3), for each hour worked each workday and each workweek, pursuant to Wis. Stat. § 109.03.

62. During Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff for each and every hour worked on their behalf, with their knowledge, for their benefit, and/or at their direction at his agreed-upon compensation, in accordance with Wis. Admin. Code § DWD 272, for hours worked each workweek during the time period from approximately December 15, 2025, to January 18, 2026, in violation of Wisconsin Wage Payment and Collection Laws.

63. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid wages, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

64. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

## FOURTH CAUSE OF ACTION – FLSA RETALIATION

65. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

66. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

67. Plaintiff's complaints to Defendants in approximately early-to-mid January 2026 regarding unpaid compensation and minimum wages constituted "filing a complaint" within the meaning of the FLSA.

68. Defendants understood Plaintiff's complaints in early-to-mid January 2026 regarding unpaid compensation and minimum wages to be assertions of his rights provided and protected by the FLSA.

69. Defendants violated the FLSA, 29 U.S.C. § 215(a)(3), by terminating Plaintiff's employment on or about January 16, 2026, because Plaintiff made complaints against Defendants relating to Defendants' violations of the FLSA.

70. Defendants intentionally retaliated against Plaintiff by terminating his employment for exercising his rights under the FLSA, 29 U.S.C. § 201 et seq.

71. The FLSA, 29 U.S.C. § 216(b), makes employers who violate 29 U.S.C. § 215(a)(3) liable for such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215(a)(3), including without limitation: reinstatement, lost wages and other employment benefits, and an additional equal amount as liquidated damages.

72. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid minimum wages, unpaid regular wages, unpaid agreed-upon wages, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Order Defendants to make Plaintiff whole by providing reimbursement for back pay, liquidated damages, compensatory damages, punitive damages, reinstatement or front pay, and reimbursement for attorneys' fees and costs pursuant to the FLSA as a result of Defendants retaliation and unlawful termination of Plaintiff under the FLSA;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 2nd day of February, 2026

    WALCHESKE & LUZI, LLC
    Counsel for Plaintiff

    s/ ***Scott S. Luzi***
    James A. Walcheske, State Bar No. 1065635
    Scott S. Luzi, State Bar No. 1067405
    David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com